IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Denmon Albert Benton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-4859-BHH |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | **ORDER** |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Denmon Albert Benton's ("Plaintiff") claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.

In her Report, the Magistrate Judge recommends that the Court reverse and remand this matter for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).  The Commissioner filed timely objections to the Magistrate Judge's Report, and Plaintiff filed a reply to those objections.  *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within fourteen days after being served a copy).  For the reasons set forth herein, the Court adopts the Magistrate Judge's Report and overrules the Commissioner's objections.

## BACKGROUND[1]

Plaintiff protectively filed applications for DIB and SSI on June 19, 2014, alleging the onset of disability as of August 1, 2009.  His applications were denied initially and upon reconsideration.  On April 16, 2015, Plaintiff had a hearing before an Administrative Law Judge ("ALJ").  The ALJ issued an unfavorable decision on May 5, 2015, finding that Plaintiff was not disabled within the meaning of the Social Security Act.  Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Importantly, Plaintiff submitted additional evidence to the Appeals Council–specifically, prescription records from Bi-Lo Pharmacy from July 1, 2014, to July 30, 2015; a January 15, 2015 record from Edisto Indian Clinic; a letter from Dr. Creel dated July 24, 2015; encounter summaries from Edisto Indian Clinic dated October 4, 2014, through July 16, 2015; and records from Lab Corp. dated November 20, 2014, through July 16, 2015.  (Tr. at 5.)  However, the Appeals Council contemplated whether the ALJ's decision was "contrary to the weight of the evidence currently of record" and "concluded that the additional evidence" did "not provide a basis for changing" the ALJ's decision.  (Tr. at 2.)

Plaintiff filed the instant action for judicial review of the Commissioner's final decision on December 8, 2015.  In his brief, Plaintiff alleges the following:

I.      The ALJ failed in his duty to fully develop the record for relevant evidence that the ALJ actually or constructively knew existed.

II.     The ALJ erred in rejecting the opinions of Mr. Benton's treating

---

[1] As no party has objected to the Magistrate Judge's extremely thorough summary of Plaintiff's background, the medical evidence, and the testimony presented at Plaintiff's administrative hearing, the Court incorporates those portions of the Magistrate Judge's Report by specific reference. (*See* ECF No. 20 at 2-16.)

physician, Dr. John Creel, that he was totally and permanently disabled.

III.    The case should be remanded for consideration by an Administrative Law Judge of the new evidence submitted to the Appeals Council.

IV.    The ALJ's analysis of the Plaintiff's credibility was contrary to the evidence and to the standards established by the law.

V.    It was error for the ALJ to promulgate an incomplete "residual functional capacity" (RFC) that improperly failed to accommodate all of claimant's exertional and nonexertional limitations, and to rely on vocational testimony based on the deficient RFC.

VI.    Mr. Benton is disabled under the Commissioner's Grid Rule 201.14.

(ECF No. 15 at 1.)

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 269 (1976).  The Court reviews de novo the portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions.

### II.    Judicial Review of a Final Decision

The role of the federal judiciary in the administrative scheme as established by the Social Security Act is a limited one.  Section 205(g) of the Act provides that, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review .

3

. . of a final decision regarding disability benefits is limited to determining whether the

findings are supported by substantial evidence and whether the correct law was applied."

*Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a
> particular conclusion.  It consists of more than a mere scintilla of evidence
> but may be somewhat less than a preponderance.  If there is evidence to
> justify a refusal to direct a verdict were the case before a jury, then there is
> "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368

F.2d 640, 642 (4th Cir. 1966)).  In assessing whether there is substantial evidence, the

reviewing court should not "undertake to reweigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270

F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The

Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or

mental impairments which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. §

423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful
> employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to
> determine whether, based upon the medical evidence, the claimant has a
> severe impairment.  20 C.F.R. § 404.1520(c).  If the claimed impairment is
> sufficiently severe, the third step considers whether the claimant has an
> impairment that equals or exceeds in severity one or more of the

> impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I.  If so the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a).  If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant can perform, considering the claimant's medical condition, functional limitations, age, education, and work experience.  *Walls*, 296 F.3d at 290.

Here, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2009.  At the second step, the ALJ found that Plaintiff had established the following "severe" impairments: status-post myocardial infarction and stent placement, status-post anterior cervical discectomy and fusion, and lumbar degenerative disc disease.  Third, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Next, the ALJ determined that the Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with some additional limitations.  Specifically, the ALJ found that Plaintiff can lift and carry up to 10 pounds occasionally and lesser amounts frequently; can sit for 6 hours in an 8-hour day; can stand and walk occasionally; cannot climb ladders,

5

ropes, or scaffolds; can perform other postural activities occasionally; cannot perform overhead reaching; cannot be exposed to temperature extremes and hazards such as heights and moving machinery.  The ALJ further found that Plaintiff is capable of performing past relevant work as a tax preparer and bookkeeper.  Because the ALJ found that Plaintiff failed to establish the fourth step, the ALJ did not proceed to the fifth step.

## II.    The Magistrate Judge's Findings and the Commissioner's Objections

In her Report, the Magistrate Judge addressed each of Plaintiff's arguments and ultimately found, first, that the ALJ did not neglect his duty to fully develop the record. Second, the Magistrate Judge found that the ALJ did not err in giving little weight to the January and March 2015 opinions of Dr. Creel, Plaintiff's treating physician, based on the evidence before the ALJ at the time.  Next, however, the Magistrate Judge determined that the additional evidence Plaintiff submitted to the Appeals Council–which the Appeals Council conceded was new and material–undermined several of the ALJ's reasons for denying Plaintiff's claim.  Therefore, the Magistrate Judge agreed with Plaintiff that the case should be remanded for the ALJ to consider the new evidence and make additional factual findings.  For example, because the Magistrate Judge determined that the additional evidence Plaintiff submitted to the Appeals Council showed a possible worsening of Plaintiff's impairments after July 2014, the Magistrate Judge agreed with Plaintiff that on remand the ALJ should reassess Plaintiff's credibility and RFC in light of the new evidence. The Magistrate Judge also agreed with Plaintiff that, upon remand, the ALJ should

consider whether Medical-Vocational Rule 201.14[2] applies based on the additional evidence and a reassessment of Plaintiff's credibility and RFC.

The Commissioner filed objections to the Report, asserting that the additional evidence Plaintiff submitted to the Appeals Council would not change the outcome in this case because the ALJ's decision is still supported by substantial evidence. The Commissioner asks that the Court reject the Magistrate Judge's Report and affirm the Commissioner's final decision denying Plaintiff's claim.

## III.    The Court's Analysis

As an initial matter, no party filed specific objections to the Magistrate Judge's findings that (1) the ALJ did not neglect his duty to fully develop the record and (2) the ALJ did not err in giving little weight to the January and March 2015 opinions of Dr. Creel, Plaintiff's treating physician, based on the evidence before the ALJ at the time.[3] After review, the Court finds no clear error and agrees with the Magistrate Judge's findings on these issues.[4]

Next, after a de novo review of the portions of the Magistrate Judge's Report to which the Commissioner objects, the Court also agrees with the Magistrate Judge that it

---

[2] Medical-Vocational Guideline 201.14 directs a finding that a claimant is disabled where the claimant is limited to work at the sedentary exertional level; is closely approaching advanced age; is a high school graduate or more; engaged in past relevant work that was skilled or semi-skilled; and lacks transferable skills to the sedentary exertional level. 20 C.F.R. Part 404, Subpart P, App'x 2 § 201.14.

[3] Plaintiff contends in his reply to the Commissioner's objections that he does not concede these findings but Plaintiff filed no formal objections.

[4] In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

is not possible to determine whether substantial evidence supports the ALJ's denial of benefits because the additional evidence submitted by Plaintiff to the Appeals Council seriously undermines several of the ALJ's stated reasons for denying Plaintiff's claim. First, as the Magistrate Judge noted, the Appeals Council conceded the newness and materiality of the additional evidence by accepting it into the record. Importantly, the additional evidence contradicts several of the ALJ's reasons for finding that Plaintiff was not disabled. For example, the ALJ's stated reasons for giving little weight to treating physician Dr. Creel's January and March 2015 letters do not apply to Dr. Creel's July 2015 opinion, which Plaintiff submitted to the Appeals Council. Specifically, whereas Dr. Creel's January and March 2015 letters simply contain the opinion that Plaintiff was "totally and permanently disabled," which is an opinion on an issue reserved to the Commissioner such that the letters were entitled to no particular significance because they were not medical opinions, *see* 20 C.F.R. §§ 404.1527(d) and 416.927(d), Dr. Creel's July 2015 opinion contain detailed restrictions and contemporaneous treatment notes, which the ALJ did not have the benefit of considering. In addition, although the ALJ remarked that the treatment notes of record did not "reflect that claimant has been prescribed pain medication consistently since his January 2011 visit at Southeastern Spine," the newly submitted treatment notes from Dr. Creel, in addition to the newly submitted Bi-Lo Pharmacy records, show that Plaintiff was prescribed pain medication consistently between July 2014 and July 2015. (Tr. at 28, 580-86, 588, 590, and 614.) Moreover, in assessing Plaintiff's RFC the ALJ noted "few, if any visits with a primary care provider (other than the July 2014 visits) for any of his severe impairments." (Tr. at 579-80.) However, the additional evidence submitted by Plaintiff reflects 14 primary care visits between July 2014 and July 2015 for

complaints of pain in his left shoulder, back, knee, and chest.  (Tr. at 588-616.)

Here, the Appeals Council did not provide any analysis fo the new and material evidence, and although no analysis is required by the Social Security Act or regulations, it certainly would have been helpful under the circumstances.  *See Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (noting that express findings by the Appeals Council, though not required, would be helpful for purposes of judicial review) (citations omitted).  More importantly, no fact finder has made any factual findings as to the new evidence or attempted to reconcile the inconsistencies created by the new evidence.  Ultimately, the Court is not persuaded by the Commissioner's argument that other factors identified by the ALJ in denying Plaintiff's claim provide substantial evidence to support the ALJ's decision.  Instead, because the Court finds that the new evidence contains information (including information from Plaintiff's treating physician, records from additional clinic visits, as well as pharmacy records) that the ALJ did not have–and information that contradicts certain of the ALJ's findings and corroborates other evidence rejected by the ALJ–the Court cannot determine whether substantial evidence supports the ALJ's denial of benefits.  As the Fourth Circuit noted in *Meyer*: "Assessing the probative value of competing evidence is quintessentially the role of the fact finder.  We cannot undertake it in the first instance." *Id.* at 707.  Accordingly, the Court agrees with the Magistrate Judge that the Appeals Council erred in failing to remand the case for further fact finding.  On remand, the Court finds that the ALJ should consider whether the new evidence indicates a possible worsening of Plaintiff's impairments after July 2014; whether the new evidence impacts Plaintiff's credibility as well as Plaintiff's RFC; and whether Medical-Vocational Rule 201.14 applies based on a reassessment of Plaintiff's credibility and RFC.

## CONCLUSION

Based on the foregoing, the Court adopts and incorporates by specific reference the Magistrate Judge's Report (ECF No. 20) and overrules the Commissioner's objections (ECF No. 21).  For the reasons set forth both in the Magistrate Judge's Report and herein, the Court reverses and remands the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) for additional fact finding and any further administrative proceedings as may be necessary.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

December 20, 2016
Greenville, South Carolina